UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LAWLER MANUFACTURING CO., INC., ) | | |
|     Plaintiff, ) | | |
| ) | | |
| vs. ) | | 1:98-cv-1660-LJM-JMS |
| ) | | |
| BRADLEY CORPORATION, *et al.*, ) | | |
|     Defendants. ) | | |

**ORDER ON PLAINTIFF'S MOTION FOR ORDER ENFORCING TERMINATION OF LICENSE AGREEMENT & DAMAGES OWED TO LAWLER (Docket No. 70), and on PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE (Docket No. 86)**

### I. BACKGROUND

On June 22, 2007, after a hearing, this Court issued an Order in which the Court interpreted and enforced a License Agreement ("agreement") that had been agreed to by the parties in settlement of this law suit. The hearing held by this Court was upon the request of defendant, Bradley Corporation, to enforce the various agreements between the parties. The Court ruled in favor of Bradley and against plaintiff, Lawler Manufacturing Co., Inc. ("Lawler"), in part, because of the Court's construction of the term "such as" in the agreement. In addition, the Court decided against Lawler on two other allegations that Lawler properly had terminated the agreement. On June 22, 2007, the Court entered Final Judgment on it findings. Lawler appealed this Court's ruling with respect to the "such as" language in the agreement.

On May 27, 2008, the Federal Circuit Court of Appeals issued its decision reversing the appealed portion of this Court's decision, finding, in essence, that Lawler's position about the products on which royalties were to be paid under the agreement was correct

and that Bradley's was not.  Again, although this Court had found against Lawler on its claim that Bradley had failed to properly mark its products and had interfered with Lawler's audit rights, these findings were not appealed.  Significantly, the Federal Circuit said,

> Whether royalties should have been paid under some other provision of the license agreement, and in what amount, and whether Lawler was otherwise entitled to terminate the license agreement for underpayment are not matters that can be reached by this court on the present record.  There is also insufficient evidence before this court to determine whether Lawler properly notified Bradley of its failure to pay any royalties or of its intent to terminate the license agreement.

*Lawler Manufacturing Co. v. Bradley Corp.*, 280 Fed. Appx. 951, 956 (Fed. Cir. May 27, 2008).  Thus, the Federal Circuit determined that the issue of proper notice of termination was not before it.

On July 15, 2008, Bradley paid into the Court what it thought was the amount due and owing to Lawler based upon the agreement and the Federal Circuit's opinion interpreting the operative term.  On the same date, Lawler filed the instant motion to enforce termination of the license agreement.

Bradley presented its position to this Court on September 4, 2008.  On September 15, 2008, Lawler sent this message to Bradley, "If for some reason the License Agreement was still in effect, then this is a notice of its termination: it is another notice of termination, given because Bradley insists that the License Agreement was not terminated and at the same time continues to breach its terms."  Pl.'s Reply, Ex. 6.  On October 30, 2008, and January 29, 2009, Bradley again paid in what it thought it owed.

It is Lawler's position that it properly notified Bradley of termination on December 20, 2005, and that the License Agreement expired pursuant to the terms of that agreement thirty days later, on January 19, 2006.  It is Bradley's position that the agreement was not

terminated because Lawler never sent Bradley a proper notice of termination delineating the royalty discrepancy as the reason for that termination as required by Paragraph 8.2 of the License Agreement.

On October 2, 2008, Lawler filed a Motion for Order to Show Cause Why Bradley Should Not be Held in Contempt of this Court's 2001 Consent Judgment. Therein, Lawler also argues that the License Agreement terminated on January 19, 2006, and that subsequent sales by Bradley of formerly-licensed valves violates the Court's Consent Judgment, which was predicated, in part, on the License Agreement.

## II. **DISCUSSION**

On December 22, 2003, Lawler had sent a note to Bradley informing Bradley of a dispute about royalty payments, but not giving notice of termination. The note triggered an extensive conversation between Lawyer and Bradley because the agreement, at Paragraphs 5.3 and 5.4, contemplated such conversation. During these conversations other difficulties arose between the parties.

On December 20, 2005, Lawler sent a letter to Bradley, giving Bradley notice of the exercise of its termination rights under the License Agreement because Bradley had failed to "engage in the proper patent marking or to correct its prior patent marking deficiencies . . . ." Def.'s Resp. in Opp'n, Ex. A. The payment of royalties was not cited as a reason for the termination. The letter further tells Bradley that "Pursuant to Paragraph 8.2, this termination [(the termination on the patent marking issue)] will not relieve Bradley of its responsibility for breaches of the royalty payment and other provisions of the License Agreement." This reservation supports a conclusion that Lawler did not seek to terminate

because of the royalty payment dispute and wished to continue to pursue the royalty dispute. Paragraph 8.2 reserves for Lawler the right to pursue its disagreement with Bradley on the royalty issue.

Paragraph 8.1 of the agreement sets out the anticipated procedure for the termination of the license agreement upon the default of one of the parties thereto. The termination procedure is set out after a listing of the events of default. Specifically, Paragraph 8.1 states:

> Any one or more of the following events shall constitute an event of default under this License Agreement: (I) the failure of Bradley or an affiliate to pay any Royalties when due hereunder and the expiration of (15) days after receipt of a written notice from Lawler requesting the payment of such Royalties; and (ii) the failure of a party to perform any other obligation required to be performed hereunder, and a failure to cure within sixty (60) days after receipt of notice from the other party specifying in sufficient detail the nature of each default. Upon the occurrence of any event of default, the non-defaulting party may deliver to the defaulting party written notice of intent to terminate, such termination to be effective thirty (30) days after the date set forth in such notice.

Def.'s Resp. in Opp'n, Ex. 1, ¶ 8.1.

Therefore, under the License Agreement, once Bradley fails to pay royalties Lawler finds due under the agreement fifteen days from notice thereof, Lawler may deliver to Bradley a notice of intent to terminate. Thus two events must take place. First, an act of default, in this case a failure to pay appropriate royalties, must occur. Second a notice of termination must be sent.

Paragraph 5 of the License Agreement requires Bradley to report to Lawler within thirty days of the end of each calendar quarter a written report of its sales activities in shipping and invoicing the units to which the royalty applies. *Id.* ¶ 5. In addition Bradley is required by that paragraph to file yearly statements of the accuracy of the royalties paid

using accepted accounting principles. *Id.* Paragraph 5.3 gives Lawler the right to have an independent CPA firm audit those reports twice a year. *Id.* ¶ 5.3. Paragraph 5.4 requires Bradley to pay the additional royalties disclosed by the audit within thirty days of the notice of deficiency. *Id.* ¶ 5.4.

Lawler did cause an audit. The audit disclosed an underpayment of royalties and notice of that underpayment was properly sent to Bradley. Thereafter, Bradley requested this Court to resolve the dispute on the royalty. The dispute was resolved in favor of Bradley. That resolution was vacated by the Federal Circuit as mentioned above.

However, at no time prior to the Federal Circuit's decision did Lawler send a notice of termination to Bradley citing failure to pay royalties as the reason for the termination. Rather, Lawler sent such a termination notice after the Federal Circuit issued its opinion. Paragraph 8.1 required that before termination two events must occur. First, the event of default, including a failure to cure, and second, the notice of termination. Here, the second event does not occur until a letter was sent to Bradley on September 15, 2008, in which Lawler told Bradley that it was terminating the License Agreement because of the royalty dispute. In addition, the September 15, 2008, letter stated that Bradley had failed to cure because Bradley had failed to reimburse Lawler for audit fees and costs with respect to the royalty dispute as required by Paragraph 5.4 of the License Agreement. Pl.'s Reply, Ex. 6. This issue was resolved against Lawler in this Court's prior Order, and was not appealed. Therefore, to the extent that Lawler contends that termination of the agreement occurred as of January 19, 2006, Lawler is incorrect. Moreover, because Bradley has paid into the Court, at Lawler's request, all of the past-due royalties, plus interest, the License Agreement is still in effect.

The Court has concluded that Lawler did not properly notice termination of the License Agreement with respect to the royalty payment issue in the 2005-2006 time frame. Therefore, the License Agreement is still in effect. As a result of this conclusion, the Court must **DENY** both Lawler's Motion for Order Enforcing Termination of License Agreement and Damages Owed Lawler, and Lawler's Motion for Order to Show Cause Why Bradley Should Not be Held in Contempt of This Court's 2001 Consent Judgment.

### III. CONCLUSION

For the reasons stated herein, the Court **DENIES** both Plaintiff's, Lawler Manufacturing Co., Inc., Motion for Order Enforcing Termination of License Agreement and Damages Owed Lawler (Docket No. 70), and Plaintiff's, Lawler Manufacturing Co., Inc., Motion for Order to Show Cause Why Bradley Should Not be Held in Contempt of This Court's 2001 Consent Judgment.

IT IS SO ORDERED this 29th day of April, 2009.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distributed to:

Barry L. Grossman
FOLEY & LARDNER
bgrossman@foley.com

Kathleen I. Hart
BOSE MCKINNEY & EVANS, LLP
khart@boselaw.com

Shannon D. Landreth
BINGHAM MCHALE LLP
slandreth@binghammchale.com

Daniel James Lueders
WOODARD   EMHARDT   MORIARTY MCNETT & HENRY, LLP
lueders@uspatent.com

George E. Purdy
BOSE MCKINNEY & EVANS, LLP
gpurdy@boselaw.com

Wayne C Turner
BINGHAM MCHALE LLP
wturner@binghammchale.com